IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **NAKIA TANISHA W.,** | * |
| | * |
| **Plaintiff,** | * |
| | *   Civil No. TMD 19-1134 |
| v. | * |
| | * |
| | * |
| **ANDREW M. SAUL,** | * |
| **Commissioner of Social Security,** | * |
| | * |
| **Defendant.**[1] | * |

**\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM OPINION GRANTING PLAINTIFF'S**
**<u>ALTERNATIVE MOTION FOR REMAND</u>**

Plaintiff Nakia Tanisha W. seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her applications for disability insurance benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act.  Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 17), Defendant's Motion for Summary Judgment (ECF No. 18), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 19).[2]  Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security.  He is, therefore, substituted as Defendant in this matter.  *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002).  For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**.

# I

## Background

Following remand by the Court, Administrative Law Judge ("ALJ") Andrew M. Emerson held a supplemental hearing on January 8, 2018, where Plaintiff and a vocational expert ("VE") testified. R. at 654-94. The ALJ thereafter found on March 19, 2018, that Plaintiff was not disabled from her alleged onset date of disability of April 1, 2010, through the date of the ALJ's decision. R. at 623-53. In so finding, the ALJ found that Plaintiff had not engaged in substantial, gainful activity since April 1, 2010, and that she had severe impairments. R. at 629. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 629-31. In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. R. at 630.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can perform simple, routine, repetitive tasks in a low stress environment, defined as no strict production quotas, with only occasionally interacting with the public, coworkers, and supervisors." R. at 631. In light of this RFC and the VE's testimony, the ALJ found that Plaintiff could perform her past relevant work as a housekeeper. R. at 641. In the alternative, Plaintiff could perform other work in the national economy, such as a laundry

worker, general office clerk, or packer. R. at 642. The ALJ thus found that Plaintiff was not disabled from April 1, 2010, through March 19, 2018. R. at 643.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on April 17, 2019, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

## II

## **Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at

379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The claimant has the burden of production and proof at steps one through four.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity.  If the claimant is engaged in substantial gainful activity, then the claimant is not disabled.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment.  If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements"

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1522(b), 416.922(b).  These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting.  *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Because the ALJ did not define the term "no strict production quotas" (R. at 631, 685) in his hypothetical to the VE and in the RFC assessment, Plaintiff contends that "[t]he ALJ erred by setting forth an inadequate hypothetical, which infected the ALJ's RFC determination, rendering the entire decision unsupported by substantial evidence." Pl.'s Mem. Supp. Mot. Summ. J. 10, ECF No. 17-1. According to Plaintiff, the ALJ's failure to define the term frustrates meaningful review and warrants remand. *Id.* at 11. For the reasons discussed below, the Court remands this case for further proceedings.

Social Security Ruling[4] 96-8p, 1996 WL 374184 (July 2, 1996), explains how adjudicators should assess RFC and instructs that the RFC

> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

The Fourth Circuit further held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* In other words, under *Mascio*, "once an ALJ has made a step three finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding

limitation in her RFC assessment, or explain why no such limitation is necessary." *McLaughlin v. Colvin*, 200 F. Supp. 3d 591, 600 (D. Md. 2016) (quoting *Talmo v. Comm'r, Soc. Sec.*, Civil Case No. ELH-14-2214, 2015 WL 2395108, at *3 (D. Md. May 19, 2015), *report and recommendation adopted* (D. Md. June 5, 2015)).

Here, the limitations in the ALJ's hypothetical to the VE and in the corresponding RFC assessment to "simple, routine, repetitive tasks," "with only occasionally interacting with the public, coworkers, and supervisors" (R. at 631; *see* R. at 685), do not account for Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace. *See Varga v. Colvin*, 794 F.3d 809, 815 (7th Cir. 2015) ("'Few if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence."); *Mascio*, 780 F.3d at 638; *Stewart v. Astrue*, 561 F.3d 679, 684-85 (7th Cir. 2009) (per curiam) (rejecting contention that "the ALJ accounted for [the claimant's] limitations of concentration, persistence, and pace by restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public").

Further, even if the ALJ meant to account for Plaintiff's moderate limitation in concentration, persistence, or pace by limiting her to work with "no strict production quotas," "there is no basis to suggest that eliminating jobs with strict production quotas or a fast pace may serve as a proxy for including a moderate limitation on concentration, persistence, and pace," however. *DeCamp v. Berryhill*, 916 F.3d 671, 676 (7th Cir. 2019) (per curiam); *see Paul v. Berryhill*, 760 F. App'x 460, 465 (7th Cir. 2019) ("[T]he ALJ's reference to 'flexible pace' is insufficient to account for [the claimant's] difficulties maintaining focus and performing activities within a schedule, because the reference excludes only production-pace employment. Without more, the VE cannot determine whether someone with [the claimant's] limitations could

maintain the proposed pace or what the proposed pace even is." (citation omitted)). In any event, in limiting Plaintiff to "no strict production quotas," the ALJ "did not give [the Court] enough information to understand what those terms mean." *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th Cir. 2019). "That makes it difficult, if not impossible, for [the Court] to assess whether their inclusion in [Plaintiff's] RFC is supported by substantial evidence." *Id.*; *see Geneva W. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-18-1812, 2019 WL 3254533, at *3 (D. Md. July 19, 2019) ("[T]his Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms 'production pace or strict production quotas.'"). Remand under *Mascio* and *Thomas* thus is warranted "to allow the ALJ to clarify the RFC assessment and hypothetical to the VE, in order to establish that the VE's testimony constitutes substantial evidence supporting the ALJ's conclusion." *Geneva W.*, 2019 WL 3254533, at *3. "On remand, the ALJ will need to establish for how long, and under what conditions, [Plaintiff] is able 'to focus [her] attention on work activities and stay on task at a sustained rate.'" *Thomas*, 916 F.3d at 312 n.5 (second alteration in original) (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00E(3)).

The ALJ also failed to explain how, despite Plaintiff's moderate limitation in concentrating, persisting, or maintaining pace, she could be productive or remain on task for more than 85% of an eight-hour workday. *See Lanigan v. Berryhill*, 865 F.3d 558, 563 (7th Cir. 2017) (remanding because, *inter alia*, ALJ did not build accurate and logical bridge between claimant's moderate difficulties in various functional areas and ALJ's finding that claimant would not be off task more than 10% of workday); *McLaughlin*, 200 F. Supp. 3d at 602 (remanding because ALJ's decision failed to explain how, despite claimant's moderate difficulties in maintaining concentration, persistence, or pace, she could remain productive for at

least 85% of workday, in light of VE's testimony that individual "off task" more than 15% of workday because of need to take unscheduled breaks could not perform any work). "Notably, it appears the ALJ disregarded testimony from the VE about a person with limitations in concentration, persistence, and pace." *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019). The VE testified that being absent from work more than once a month on an unscheduled basis or being off task 15% of the time would preclude an individual's employment (R. at 688-89). "But the ALJ failed to incorporate this opinion anywhere in the RFC, leaving the RFC altogether uninformed by considerations of off-task time or unplanned leave." *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019).

In short, "a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The second component, the ALJ's logical explanation, is just as important as the other two." *Thomas*, 916 F.3d at 311. The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe*, 826 F.3d at 189). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Because "meaningful review is frustrated when an ALJ goes straight from listing evidence to stating a conclusion," the Court remands this case for further proceedings. *Thomas*, 916 F.3d at 311 (citing *Woods*, 888 F.3d at 694).

## V

### Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 18) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**. Defendant's final decision is

**REVERSED** under the fourth sentence of 42 U.S.C. § 405(g).  This matter is **REMANDED** for further proceedings consistent with this opinion.  A separate order will issue.

Date: May 5, 2020                                             /s/
                                                              Thomas M. DiGirolamo
                                                              United States Magistrate Judge